UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDY MCCARDIE, | No. 2:24-cv-0985 AC P |
| Plaintiff, | |
| v. | ORDER |
| SANDRA PENDLETON, et al., | |
| Defendants. | |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

I.  Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to CDCR requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

1

claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II.     Factual Allegations of the Complaint

The complaint names as defendants Pendleton, Rado, Trevino, and Frisk and alleges in conclusory terms that plaintiff has been subject to harassment by correctional staff including sexual advances, frivolous disciplinaries, verbal abuse, and threats on his life. ECF No. 1 at 2-3.

III.    Failure to State a Claim

As an initial matter, the court notes that plaintiff did not sign the complaint, as required by Federal Rule of Civil Procedure 11(a). As explained further below, the complaint does not state any claims for relief. Therefore, instead of having plaintiff re-submit a signed copy of the original complaint, he will be given an opportunity to submit a signed amended complaint. Plaintiff is cautioned that the court will not consider the amended complaint if it is not signed.

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state any valid claims for relief because plaintiff has not alleged any specific

1  conduct by any defendant.  Because of these defects, the court will not order the complaint to be
2  served on defendants.
3      Plaintiff may try to fix these problems by filing an amended complaint.  In deciding
4  whether to file an amended complaint, plaintiff is provided with the relevant legal standards
5  governing his potential claims for relief which are attached to this order.  See Attachment A.
6      The court further notes that plaintiff has filed 200 pages of exhibits with his complaint.
7  ECF Nos. 1 at 7-206.  In filing an amended complaint, plaintiff is cautioned that the court will not
8  sift through his exhibits to attempt to decipher what specific claims he may be attempting to make
9  against any defendant.  Any claims plaintiff wishes to make must be contained within the
10 complaint itself.
11     IV.    Legal Standards Governing Amended Complaints
12     If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions
13 about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode,
14 423 U.S. 362, 370-71 (1976).  The complaint must also allege in specific terms how each named
15 defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).
16 There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
17 connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,
18 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official
19 participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,
20 268 (9th Cir. 1982) (citations omitted).
21     Plaintiff is also informed that the court cannot refer to a prior pleading in order to make
22 his amended complaint complete.  Local Rule 220 requires that an amended complaint be
23 complete in itself without reference to any prior pleading.  This is because, as a general rule, an
24 amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
25 1967) (citations omitted).  Once plaintiff files an amended complaint, any previous complaint no
26 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
27 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
28 ////

V. <u>Plain Language Summary of this Order for Party Proceeding Without a Lawyer</u>

Your complaint will not be served because you have not signed the complaint and the facts alleged are not enough to state a claim. You are being given a chance to fix these problems by filing an amended complaint. If you file an amended complaint, pay particular attention to the legal standards attached to this order. Be sure to provide facts that show exactly what each defendant did to violate your rights. **Any claims and information not in the amended complaint will not be considered.**

<u>CONCLUSION</u>

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's complaint is unsigned, <u>see</u> Fed. R. Civ. P. 11(a), and fails to state a claim upon which relief may be granted, <u>see</u> 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must be signed, bear the docket number assigned this case, and be labeled "First Amended Complaint."

5. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: November 15, 2024

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I. Personal Involvement

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

II. Sexual Harassment

"Although prisoners have a right to be free from sexual abuse, . . . , the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (internal citation omitted). While "the Ninth Circuit has recognized that sexual harassment may constitute a cognizable claim for an Eighth Amendment violation, the Court has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding the latter to be in violation of the constitution." Minifield v. Butikofer, 298 F. Supp. 2d 900, 904 (N.D. Cal. 2004) (citing Schwenk v. Hartford, 204 F.3d 1187, 1198 (9th Cir. 2000)); Austin, 367 F.3d at 1171-72 (officer's conduct was not sufficiently serious to violate the Eighth Amendment where officer exposed himself to prisoner but never physically touched him).

III. Verbal Harassment

"Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation

1

under 42 U.S.C. § 1983." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (stating that "verbal harrassment generally does not violate the Eighth Amendment"), amended on other grounds by 135 F.3d 1318 (9th Cir. 1998); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (a "mere naked threat" from prison guards does not violate the Eighth Amendment).

IV.   False Disciplinary Reports

A prisoner has no constitutionally-guaranteed immunity from being falsely or wrongly accused of conduct that may lead to disciplinary sanctions. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge generally fail to state a claim under section 1983. See Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984). An exception exists when the fabrication of charges infringed on the inmate's substantive constitutional rights, such as when false charges are made in retaliation for an inmate's exercise of a constitutionally protected right. See Sprouse, 870 F.2d at 452 (holding that filing of a false disciplinary charge in retaliation for a grievance filed by an inmate is actionable under section 1983.